Bell agt. McElwain.

## COURT OF APPEALS.

### BELL agt. MCELWAIN.

A *promissory note* made and delivered for the purpose of assisting to form a *mutual insurance company*, under the act of 1849 (*Laws of* 1849, *p.* 441), is *absolute*, and payable at all events *without any assessment*. That is, such notes are ordinary promissory notes, available for all the purposes for which such notes are usually available. (*This decision follows that of White* agt. *Haight*, 16 *N. Y. R.* 310.)

(*It appears that whenever the court of appeals finally decides a case, it intends to follow and adhere to the decision ; and whenever subsequent cases involving the same principle are brought before it, they will be decided entirely upon the authority of such former decision, without further reasoning or argument by the court. Although this rule is well settled and generally understood by the courts, there are occasionally some singular exceptions.*—[REP.)

*September Term,* 1859.

APPEAL from a judgment of the supreme court.

JOHNSON, Ch. J. The note, on which the plaintiff's claim in this case rests, is in its terms, in all material respects, identical with that which came under adjudication in *White* agt. *Haight* (16 *New - York Rep.* 310), and the extraneous facts, so far as they have any bearing on the defendant's liability, are also in substance the same. The question, therefore, is merely whether we shall follow or overthrow that decision ?

It was ably argued by counsel thoroughly persuaded of the justice of their respective views, and there is no sort of foundation for the idea thrown out in the opinion of the supreme court, that the case passed to judgment without ample and earnest discussion by counsel. It was considered elaborately by this court, and the judgment received the assent of all the members of the court save one.* I see no more ground for considering the point decided as now open to review, than could be alleged in respect to every decision ever made in this court.

The judgment should, therefore, in accordance with that decision, be reversed, and judgment rendered on the case for the plaintiff for the amount of the note and interest.

* That one was Mr. Justice PAIGE, who took no part in the decision, for the reason that he had given a written opinion as counsel on the questions in controversy, before his election to the bench.